

ORDERED in the Southern District of Florida on January 18, 2013.

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JUAN CARLOS ROMERO
XXX-XX-3734

CASE NO. 12-20793-BKC-AJC
CHAPTER 13

_____Debtor_____/

### ORDER OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

**THIS CAUSE** came before the Court for hearing on November 20, 2012 at 1:30 p.m., upon the Trustee's Objection to Confirmation of Chapter 13 Plan. The Court having considered the Objection, argument of counsel and legal authority regarding the issue(s) raised, the Objection is OVERRULED.

The issue presented to the Court involves the calculation of Debtor's current

monthly income to determine the applicable commitment period required for a Chapter 13 plan. The Debtor is a self-employed subcontracted truck driver who necessarily incurs business expenses related to the services he provides. The Debtor has deducted business expenses from his self-employed income which resulted in below-median income, entitling the Debtor to file a plan with only a three (3) year commitment period. The Trustee contests deduction of ordinary and necessary business expenses when calculating Debtor's current monthly income to determine the applicable commitment period and insists that, without said deductions, the Debtor is required to file a plan with a five (5) year commitment period.

The Debtor calculated his gross monthly business income to be approximately $9,187.70 and business expenses necessary for the continuation, preservation and operation of his business to be approximately $6,320.95 per month. This results in a net business income of $2,866.75 monthly and $34,401 yearly. The median income for a household size of one is $42,053. The Debtor therefore filed a 36 month plan pursuant to the Statement of Current Monthly Income.

The Trustee argues the Debtor may deduct the business expenses in Part IV of the Official Bankruptcy Form B22C ("Form B22C") to determine disposable income, but the Debtor may not deduct such expenses in Part I of Form B22C where the current monthly income is computed to determine the applicable commitment period. The Trustee claims that the plain meaning of 11 U.S.C. §1325(b) dictates such result and relies on *In re Wiegand*, 386 B.R. 238 (9th Cir. BAP 2008) to support its position.

The Court has reviewed the cited authority and recognizes a myriad of interpretations exist as to the expense deduction allowed by Form B22C, but the Court

disagrees with the Trustee's interpretation that the plain meaning of 11 U.S.C. §§101(10A) and 1325(b)(2)(B) is inconsistent with Form B22C.  This Court finds no conflicts or inconsistencies between the Official Bankruptcy Forms and the Bankruptcy Code and therefore finds no reason to depart from the mechanical test established by Form B22C.  *In re Roman,* 2011 WL 5593143 (Bankr. D. Puerto Rico, November 16, 2011).

In *Roman,* 2011 WL 5593143, the debtor followed the format and instructions of Form B22C and deducted business expenses from its self-employed income, which resulted in below-median income, entitling debtors to a three (3) year commitment period.  The Trustee objected to the deductions when calculating the current monthly income and applicable commitment period, even though the official form provided for same.  The *Roman* court overruled the objection, adopting a mechanical test for determining disposable income as set forth in Sections 1325(b)(1)(B) and 1325(b)(2), by reference to current monthly income determined pursuant to Section 101(10A) and Form B22C.  The *Roman* court determined that the additional income of a business (as of a non-debtor spouse) is completely irrelevant with regard to a plan if that income is not made available to cover household expenses so that the Debtor has more money available to make the plan payment.  *Id. citing In re Dugan*, 2008 WL 3558127 (Bankr. D. Kan. August 12, 2008) ("additional income of a spouse is completely irrelevant if that spouse's income is not made available to cover household expenses so that the debtor has more money available to make the plan payment").

This Court finds *Roman,* 2011 WL 5593143 is directly on point and most persuasive, and adopts the court's reasoning therein:

To assist a debtor in calculating the required disposable income amount under § 1325(b)(2), the Judicial Conference of the United States prescribed Official Form B22C. Moreover, Bankruptcy Rule 9009 requires the use of Official Forms, which shall be construed to be consistent with the Bankruptcy Rules and Code. Particularly, Form B22C is intended to provide a standard methodology for evaluating a debtor's income and expenses. *In re Nance,* 371 B.R. 358, 361–62 (Bankr.S.D.Ill.2007).

Pursuant to Fed. R. Bank. P. 1007(b)(6), debtors must complete Form B22C to determine its current monthly income and to calculate the disposable income amount. Using Form B22C, debtors compute their current monthly income (Part I of Form B22C) and the plan's applicable commitment period (Part II of Form B22C).

In establishing the current monthly income, Part I of Form B22C allows a debtor to deduct the ordinary and necessary business expenses from the gross receipts of the operation of its business, the difference of which is reported as business income. (Form B22C, Lines 3a to 3c). Form B22C uses net, and not gross, business income to calculate a debtor's current monthly income, which is the income a debtor could expect to receive monthly. (Form B22C, Lines 3a to 3c).

All chapter 13 debtors are required to complete Form B22C and adhere to its form. After all, Official Form 22C was considered and approved by the Advisory Committee on Bankruptcy Rules and required by Fed.R.Bank.P. 1007(b)(6) & 9009. In fact, the Judicial Conference of the United States approved and published, effective Jan. 1, 2008, amended Official Forms 22A, 22B and 22C, which provide that current monthly income should include only net business expense amounts. (Form B22C, Lines 3a to 3c).

Moreover, Form B22C provides for reporting of business expenses (Form B22C, Lines 3a to 3c), which are not listed as a specific category under "Other Necessary Expenses" (Part IV of Form B22C), but rather included for computation of debtor's current monthly income. (Part I of Form B22C).

"[T]he use of gross receipts for self-employed debtors would lead to distinctions in the calculation of current monthly income based on the business form under which the debtor has chosen to operate, resulting in prejudicial treatment to business proprietors." *Roman,* 2011 WL 5593143 at*4 *citing* Mark A. Redmiles, Saleela Khanum Salahuddin, *The Net Effect: Debtors with Business Income Are Permitted to Deduct*

*Ordinary and Necessary Business Expenses in Calculating Current Monthly Income,* 27–OCT Am. Bankr.Inst. J. 16, 57 (2008). "Business owners need to invest in business related expenses, such as raw materials and equipment, prior to generating any income. As a result, the net revenue (gross revenue minus expenses) becomes the real income." *Id.*

The Trustee's calculation would artificially inflate the Debtor's income by including, as part of the Debtor's income, the business revenue that would be consumed by business expenses, consequently forcing a longer commitment period under 11 U.S.C. §1325(b)(4). The Court finds that interpretation is inconsistent with the Bankruptcy Code and the Official Bankruptcy Forms. The Court believes that computing current monthly income in accordance with Section 101(10A) and Form B22C is the appropriate method for determining disposable income in both Sections 1325(b)(1)(B) and 1325(b)(2). Accordingly, it is

**ORDERED AND ADJUDGED** that the Trustee's Objection is **OVERRULED**.

###

Patrick L. Cordero, Esquire is directed to furnish a conformed copy of this order to all interested parties.